UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Criminal No. 06-390 (DSD/FLN) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Daniel Duane Collins, | |
| Defendant. | |

Lisa Kirkpatrick, Assistant United States Attorney, for the Government.
Caroline Durham, Esq., for Defendant.

**THIS MATTER** came before the undersigned United States Magistrate Judge on January 3, 2007, on Defendant's motion to suppress evidence obtained as a result of search and seizure [#20]. At the hearing, the Court received one exhibit from the Government. Government's exhibit number one is the affidavit in support of the search warrant issued in this case. This matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons which follow, this Court recommends that Defendant's motion be denied.

## I. FINDINGS OF FACT

Government exhibit number one is the application for the search warrant and the supporting affidavit for the search warrant that was issued in the present case. The search warrant application requested permission to search a single family home located in Isanti, Minnesota, including garages and sheds on the property. (Ex. 1 at 1.) In addition, the search warrant application requested permission to search the persons of Jason Thomas Wichman and Defendant Daniel Duane Collins. (Ex. 1 at 1.)

The affiant for the affidavit in support of the search warrant was Ed Melcher (hereinafter

"Detective Melcher"), a detective with the Coon Rapids Police Department.  (Ex. 1 at 2.)  At the time of the search warrant application, Detective Melcher was assigned to the Anoka/Hennepin Drug Task Force (hereinafter "Task Force").  As a member of the Task Force, Detective Melcher has received specialized training and experience in the investigation of controlled substance crimes.  (Ex. 1 at 2.)

Detective Melcher received information from a confidential informant (hereinafter "CI number one"), that Jason Wichman was selling methamphetamine from a residence located in Isanti, Minnesota, and had sold methamphetamine to CI number one in the past.  (Ex. 1 at 2.)  Within 72 hours of submitting the affidavit in support of the search warrant, Detective Melcher met with CI number one to conduct a controlled purchase from Jason Wichman at the residence in Isanti, Minnesota.  (Ex. 1 at 2.)  Detective Melcher met with CI number one prior to conducting the controlled purchase and searched CI number one's person and vehicle for contraband.  (Ex. 1 at 2.)  The search of CI number one did not reveal any contraband, and after being searched CI number one proceeded to the residence in Isanti, Minnesota.  (Ex. 1 at 2.)  Members of the Task Force followed CI number one to the residence and Detective Melcher monitored the controlled purchase with an electronic listening device.  (Ex. 1 at 2.)  Detective Melcher stated that, when he monitored the controlled purchase, he could hear what sounded like a narcotics transaction.  (Ex. 1 at 2.)

CI number one thereafter left the residence and was followed by members of the Task Force to a predetermined meet location.  Detective Melcher was present at the meet site and CI number one gave Detective Melcher a quantity of a white crystal substance that CI number one stated had just been purchased from Jason Wichman.  (Ex. 1 at 2.)  The substance was later field tested and tested positive for the presence of methamphetamine.  (Ex. 1 at 2.)  Detective Melcher then searched

CI number one's person and vehicle for contraband and did not find any contraband or money. (Ex. 1 at 2.) Detective Melcher showed CI number one a photograph of Jason Wichman obtained from the Minnesota Department of Motor Vehicle website, and CI number one confirmed that it was Wichman who had just sold CI number one the methamphetamine. (Ex. 1 at 2.)

Within 12 hours of submitting the affidavit in support of the search warrant, Detective Bolles, a member of the Task Force, received information from a confidential informant (hereinafter "CI number two"), whose date of birth and full name were known to Detective Bolles. (Ex. 1 at 2.) CI number two informed Detective Bolles that Defendant Daniel Collins was also staying at the residence in Isanti, Minnesota, with Jason Wichman. (Ex. 1 at 2.) Within 24 hours of submitting the affidavit in support of the search warrant, CI number two informed Detective Bolles that Defendant Collins had been in possession of a handgun and a large quantity of methamphetamine at the residence in Isanti, Minnesota. (Ex. 1 at 2.)

Detective Melcher contacted Detective Chris Jansen of the Isanti County Sheriff's Office and spoke to him about the residence in Isanti, Minnesota. Detective Jansen advised Detective Melcher that, within the last two weeks, he received information from Deputies of the Isanti County Sheriff's Office that there had been a high volume of short-term traffic at that residence after 9:00 p.m.. (Ex. 1 at 2.)

Detective Melcher checked the criminal history of Defendant Collins and discovered that Defendant was convicted of third degree possession of a controlled substance on October 17, 2002, was arrested for fleeing police in a motor vehicle on September 13, 2005, and had also been arrested for possession of a controlled substance on August 29, 2006. (Ex. 1 at 3.) Based on the foregoing information, a search warrant was issued to search the residence in Isanti, Minnesota, and the

persons of Jason Wichman and Defendant Daniel Collins.

In the present case Defendant moves to suppress the evidence obtained as a result of the execution of the search warrant. Defendant argues that the affidavit in support of the search warrant does not provide probable cause for the subsequent issuance of the search warrant that led to the seizure of the evidence in the present case. The Government contends that the totality of the circumstances described in the affidavit give rise to a finding of probable cause.

## II.   CONCLUSIONS OF LAW

### A.   The Affidavit in Support of the Search Warrant Provided Probable Cause for the Issuance of the Search Warrant.

Defendant challenges the search warrant issued in this case on its four corners. Searches conducted pursuant to a warrant are reviewed to determine whether the information in the warrant application and supporting affidavit provided probable cause for the search. *Illinois v. Gates*, 462 U.S. 213, 236 (1983). "Probable cause exists when, given the totality of the circumstances, a reasonable person could believe there is a fair probability that contraband or evidence of a crime would be found in a particular place." *United States v. Fladten*, 230 F.3d 1083, 1085 (8th Cir.2000) (citing *Illinois v. Gates*, 462 U.S. 213, 236 (1983)). When determining whether probable cause exists, a court does not evaluate each piece of information independently, but, rather, considers all of the facts for their cumulative meaning. *United States v. Allen,* 297 F.3d 790, 794 (8th Cir.2002). The task of a court issuing a search warrant is "simply to make a practical, common sense decision whether, given all the circumstances set forth in the affidavit . . . including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Gates*, 462 U.S. at 238; *see also United States v. Salter*, 358 F.3d 1080, 1084 (8th Cir.2004).

In reviewing the decision of the issuing court, this Court must ensure that the issuing court " 'had a substantial basis for . . . conclud[ing] that probable cause existed.' " *United States v. Oropesa*, 316 F.3d 762, 766 (8th Cir.2003) (quoting *Gates*, 462 U.S. at 238-39.)  Since reasonable minds may differ on whether a particular search warrant affidavit establishes probable cause, the issuing court's determination is accorded great deference.  *United States v. Wajda*, 810 F.2d 754, 760 (8th Cir.1987) (citing *United States v. Leon*, 468 U.S. 897, 914 (1984)).

As noted by the Eighth Circuit, "[w]hen an affidavit is based in substantial part on information from an informant, the informant's reliability, veracity, and basis of knowledge are relevant considerations-but not independent, essential elements-in finding probable cause." *United States v. Reivich*, 793 F.2d 957, 959 (8th Cir.1986) (citing *Gates*, at 230; *United States v. Ross*, 713 F.2d 389, 393 (8th Cir.1983)).  As explained by the United States Supreme Court in *Gates*, the reliability and basis of knowledge of an informant

> are better understood as relevant considerations in the totality-of-the-circumstances analysis that traditionally has guided probable-cause determinations: a deficiency in one may be compensated for, in determining the overall reliability of a tip, by a strong showing as to the other, or by some other indicia of reliability.

462 U.S. at 233.  The Eighth Circuit relied on *Gates* in *United States v. Anderson* when the court noted that "an informant's basis of knowledge [is] an important consideration, but not a rigid requirement, in the probable cause determination." 933 F.2d 612, 615 (8th Cir.1991) (citing *Gates*, 462 U.S. at 230).

In the present case, looking at the totality of the circumstances, a reasonable person could believe there was a fair probability that contraband or evidence of narcotics trafficking would be found in the residence in Isanti, Minnesota, and on the person of Defendant Collins.  The affidavit established that a controlled purchase of methamphetamine was conducted at the residence in Isanti,

5

Minnesota, from Jason Wichman within 72 hours of the application for the search warrant. In addition, the affidavit established that Defendant Collins had a prior criminal history that involved one conviction and one arrest for the possession of a controlled substance within the last four years. The affidavit also established that there was a high volume of short-term traffic at the residence after 9:00 p.m. All of this information was used to corroborate the information provided to Detective Bolles by CI number two: that Defendant Collins was in possession of a large quantity of methamphetamine and a handgun at the residence in Isanti, Minnesota.

Looking at the totality of the circumstances in the present case, based on the evidence as described above, a reasonable person could believe there was a fair probability that contraband or evidence of narcotics trafficking would be found in the residence in Isanti, Minnesota, and on the person of Defendant Collins. The Court concludes that the search warrant application and affidavit in support of the search warrant application sufficiently established probable cause to search the residence in Isanti, Minnesota, along with the person of Defendant Collins. As such, the Court recommends that Defendant's motion to suppress evidence obtained as a result of search and seizure [#20] be denied.

### III.   RECOMMENDATION

Based upon all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that Defendant's motion to suppress evidence obtained as a result of search and seizure [#20] be **DENIED**.

DATED: January 11, 2007                                      s/ *Franklin L. Noel*
                                                                                    FRANKLIN L. NOEL
                                                                                    United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **January 31, 2007**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under the rules shall be limited to 3,500 words. A judge shall make a de novo determination of those portions to which objection is made.

Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed by **January 31, 2007,** a complete transcript of the hearing.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.