UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 06-390(DSD/FLN)

United States of America,

       Plaintiff,

v.                                                                      **ORDER**

Daniel Duane Collins,

       Defendant.


    This matter is before the court on plaintiff's objections to the report and recommendation of Magistrate Judge Franklin L. Noel dated January 11, 2007.  In his report, the magistrate judge recommended that defendant's motion to suppress evidence obtained as a result of search and seizure be denied.  Defendant objects to the magistrate judge's finding that the affidavit in support of the search warrant provided probable cause for the issuance of the warrant.  The court reviews the report and recommendation of the magistrate judge de novo.  28 U.S.C. § 636(b)(1)(C); D. Minn. LR 72.2(b).

    Probable cause for a search warrant exists when "a practical, common-sense evaluation of the facts and circumstances shows a fair probability that contraband or other evidence will be found in the asserted location." United States v. Adams, 110 F.3d 31, 33 (8th Cir. 1997).  A probable cause determination is made after considering the totality of the circumstances.  See United States v. Gettel, 474 F.3d 1081, 1086 (8th Cir. 2007).  Officers can rely

on an informant's tip to support a probable cause determination "if the informant has provided reliable information in the past or if the tip is independently corroborated." United States v. Durham, 470 F.3d 727, 733 (8th Cir. 2006). When an informant's information is "at least partially corroborated," attacks upon credibility and reliability are "not crucial" to the finding of probable cause. United States v. Caswell, 436 F.3d 894, 898 (8th Cir. 2006) (internal quotations omitted); see also United States v. Warford, 439 F.3d 836, 841 (8th Cir. 2006). There is "an inherent indicia of reliability" in an informant's first-hand observation. United States v. Robertson, 39 F.3d 891, 893 (8th Cir. 1994). Further, the court pays "great deference" to the probable cause determinations of the judge or magistrate who issued the warrant. Illinois v. Gates, 462 U.S. 213, 236 (1983).

Defendant argues that the confidential informant upon whom the police relied has no "track record" and therefore cannot be considered a "reliable informant." However, the informant's reliability is not determinative if the tip is independently corroborated, as it was in this case. Defendant's criminal history includes a conviction and an arrest for possession of a controlled substance within the previous four years. This history, coupled with a high volume of short-term traffic at the residence to be searched, corroborated the informant's first-hand observation of defendant at that residence and in possession of drugs and a

firearm.  Giving due deference to the decision of the warrant-issuing magistrate and based upon a consideration of the totality of the circumstances, the court finds that the combination of the informant's first-hand observations and corroborating evidence provided probable cause for the search warrant in question to be issued.  For these reasons, the court adopts the report and recommendation of the magistrate judge in its entirety.

Therefore, **IT IS HEREBY ORDERED** that defendant's motion to suppress evidence obtained as a result of search and seizure [Doc. No. 20] is denied.

Dated:  March 23, 2007

                                        s/David S. Doty\
                                        David S. Doty, Judge\
                                        United States District Court